THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* THEODORE W. MYERS, AS COMPTROLLER OF THE CITY OF NEW YORK, APPELLANT.

*Application for an alternative writ of* mandamus — *must be made to a Special Term held in the county where the issue of fact is triable — Code of Civil Procedure, secs. 2068, 2084 — duty of the comptroller of the city of New York to pay the quota of the taxes required to be paid by the city and county of New York under chapter 410 of 1883 — the city of New York should not be made a party to the proceeding —* mandamus *is the proper remedy if the comptroller refuses to make the payment.*

In a proceeding, instituted by the attorney-general to obtain a peremptory writ of *mandamus* directed to the comptroller of the city of New York, it appeared that the amount of the State taxes to be levied upon the city and county of New York for the current fiscal year was the sum of $4,051,487.23, which amount the comptroller of the said city paid into the State treasury, less $366,581.01, which sum he claimed to be in excess of said city's proper and legal portion of

the State tax and refused to pay. Sections 2068 of the Code of Civil Procedure provides that, except where special provision is otherwise made, a writ of *mandamus* can only be granted at a Special Term, held within the judicial district embracing the county wherein an issue of fact, joined upon an alternative writ of *mandamus*, is triable; and section 2084, that such an issue is triable in the county wherein it is alleged in the writ that the material facts took place.

*Held,* that, as in order to entitle the applicant to a writ in this case it was necessary to establish a lawful equalization of the valuations of the respective counties of the State by the State board of equalization, the filing of the statement or certificate of such equalization by the said board of equalization, the notification of the proper officers in the respective counties of the valuation taxed by the said board and the non-payment of the tax into the treasury of the State; that these several acts constituted the material facts in this proceeding, and as they were actually or constructively performed in the city of Albany the motion was properly made in the third judicial district.

Section 153 of the consolidation act (chap. 410 of 1882) provides that, "for the purpose of enabling the city and county of New York to make payment of the quota of State taxes, which may be imposed upon and chargeable to the said city and county, at the same time or times that other counties of this State are or may be required to make payment by law, * * * the comptroller of said city is hereby authorized and required, unless the money for the payment of the same shall have been otherwise provided, to issue revenue bonds for such amounts as may from time to time become necessary to meet such quota of the State taxes, * * * and from the proceeds thereof to pay to the State treasurer the amount of taxes which the comptroller of the State shall have apportioned according to law, and which may be required to be paid, in pursuance of such apportionment, to the State by the city and county of New York."

*Held,* that as, on the first day of May of the current year, it was the statutory duty of the comptroller to pay the quota of the State taxes imposed upon the city and county of New York, if any were due and payable, and the mayor, aldermen and commonalty of the city of New York had no duty to perform in respect to such payment, a motion to permit the mayor, aldermen and commonalty of the city of New York to intervene as a party defendant for the purpose of arguing a preliminary objection to the jurisdiction of the court, or of defending on the merits, should be denied.

That it was not necessary, for the protection of the rights and interests of the city and county of New York, that it should be made a party, as, by section 215 of the consolidation act, it is made the duty of the counsel of the corporation to act as counsel to all of the departments and offices of the city government.

That *mandamus* was the proper remedy.

That, in this case, the peremptory writ should be denied and an alternative writ granted, as the answering affidavit on the part of the respondent denied each material allegation in the moving affidavit

APPEAL from an order granting an alternative writ of *mandamus* and denying a motion made by the mayor, aldermen and commonalty

of the city of New York to intervene as a party defendant, which was entered on September 20, 1888, in the office of the clerk of the county of Albany.

This proceeding was commenced by notice of motion returnable at a Special Term of the court, held in the city of Kingston, Ulster county, and was founded upon an affidavit of the deputy comptroller of the State of New York, to compel the comptroller of the city of New York to pay into the State treasury a portion of the amount of the State tax which he claimed to be in excess of the said city's proper and legal proportion of the State tax.

*William A. Poste,* deputy attorney-general for the people, respondent.

*Henry R. Beekman,* counsel to the corporation, for the appellant.

BY THE COURT:

An examination of this case satisfies us that the opinion of the Special Term is well considered and correct. It is unnecessary for us to repeat the views which the learned justice has so well expressed.

Order affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., LANDON and INGALLS, JJ.

Order affirmed, with ten dollars costs and printing disbursements on opinion of Special Term.

The following is the opinion of PARKER, J., at Special Term.

SUPREME COURT — ULSTER SPECIAL TERM.

IN THE MATTER
OF
THE APPLICATION OF THE ATTORNEY-GENERAL FOR A WRIT OF MANDAMUS ADDRESSED TO THE COMPTROLLER OF THE CITY OF NEW YORK.

PARKER, J.:

The amount of State tax sought to be levied upon the city and county of New York for the current fiscal year, was the sum of

$4,051,487.23, which amount the city comptroller of said city paid into the State treasury, less $366,581.01, which sum he claimed to be in excess of said city's proper and legal proportion of State tax, and refused to pay.

In this proceeding the attorney-general applies for a peremptory writ of *mandamus*, direced to the city comptroller, commanding him forthwith to draw his warrant upon the city chamberlain for payment into the State treasury of such sum, or that he issue and negotiate sufficient revenue bonds of said city and county to pay the amount claimed. The questions raised and discussed by the learned counsel I decide as follows :

*First.* The motion for a *mandamus* was made in the proper county. The practice in *mandamus* proceedings is governed by section 2067 *et seq.*, of the Code of Civil Procedure. By section 2068 it is provided that " except where special provision therefor is otherwise made in this article, a writ of *mandamus* can be granted only at a Special Term of the Court. In the Supreme Court the Special Term must be one held within the judicial district embracing the county wherein an issue of fact, joined upon an alternative writ of *mandamus*, is triable as prescribed in this article ; " while section 2084 provides that " an issue of fact, joined upon an alternative writ of *mandamus* granted at a Special Term of the Supreme Court, is triable in the county wherein it is alleged in the writ that the material facts took place, unless the court directs it to be tried elsewhere." If, then, the material facts took place in the county of Albany, as alleged by the attorney-general, the practice requires that the motion be made in the third judicial district. In order to entitle the applicant to the writ, it is necessary to establish a lawful equalization of the valutions of the respective counties by the State board of equalization ; the filing of the statement or certificate of such equalization by the said board of equalization ; the notification of the proper officers in the respective counties of the valuation fixed by the State board, and the non-payment of the tax into the treasury of the State. These several acts constitute the material facts in this proceeding, and they were actually or constructively performed in the city of Albany. It follows that the motion was properly made in the third judicial district.

*Second.* The motion to permit the mayor, aldermen and commonalty of the city of New York to intervene as a party defendant for the purpose of arguing a preliminary objection to the jurisdiction of the court, or of defending on the merits, is denied. Section 153 of the consolidation act (chap. 410, Laws of 1882) provides that "for the purpose of enabling the city and county of New York to make payment of the quota of State taxes which may be imposed upon and chargeable to the said city and county at the same time or times that other counties of this State are or may be required to make payment by law, * * * the comptroller of said city is hereby authorized and required, unless the money for the payment of the same shall have been otherwise provided, to issue revenue · bonds for such amounts as may from time to time become necessary to meet such quota of the State taxes * * * and from the proceeds thereof to pay to the State treasurer the amount of taxes which the comptroller of the State shall have apportioned according to law, and which may be required to be paid in pursuance of such apportionment to the State by the city and county of New York." On the first day of May of the current year it was the statutory duty of the comptroller to pay the quota of State taxes imposed upon the city and county, if any were due and payable. The mayor, aldermen and commonalty of the city of New York had no duty to perform in respect to such payment. Upon them rested, it is true, the duty of including the amount paid by the comptroller for such purpose · in the succeeding annual tax levy, but they had no authority to make the payment; neither were they obliged to raise the moneys for the comptroller before he could make it. As they owed the State no duty in respect to such payment, it would have been error for the attorney-general to have made them parties to this proceeding. As no mandate can be issued in this proceeding except as against the comptroller, it is difficult to discover any reason why the mayor, etc., should be permitted to intervene. It is not necessary for the protection of the rights and interests of the city and county of New York. By section 215 of the consolidation act, it is made the duty of the counsel to the corporation to act as counsel to all of the departments and officers of the city government. So that, whether the comptroller alone,

or the comptroller together with the mayor, aldermen and commonalty of the city of New York, are parties to the proceeding, the corporation counsel must have the management and conduct of the proceedings. Neither is it pretended that any question affecting the merits of the controversy could be raised by permitting the intervention asked for, which has not been already raised by the comptroller. I conclude, therefore, that the mayor, aldermen and commonalty of the city of New York are not necessary parties to this proceeding, and that the merits of the contest can in nowise be affected by permitting intervention.

*Third. Mandamus* is the proper remedy. The legislature by section 153 of the consolidation act above quoted, charged upon the comptroller of the city of New York the imperative duty of paying into the State treasury the quota of State taxes imposed upon the city of New York, " one-half thereof on the fifteenth day of April, and the other half thereof on the first day of May in each and every year," and further provided a way in which he could raise the money to make such payment.

It is alleged in the petition for the writ that the comptroller has neglected and refused to perform his whole duty in such respect, and has omitted to pay an alleged balance of $366,581.01. If the facts alleged in the petition be true, the question presented is one where a ministerial officer refuses to perform a function which the statute expressly commands, and it is too well settled, to require the citations of authorities, that when such a condition exists the derelict officer may be compelled by *mandamus* to obey the mandate of the violated statute.

*Fourth.* A peremptory writ denied and alternative granted. If the facts alleged in the petition were undisputed, the applicant would be entitled in this proceeding to a peremptory writ in the first instance. The answering affidavit on the part of the respondent, however, denied each material allegation in the moving affidavit, and an alternative writ of *mandamus* must, therefore, be granted.